IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| NORTHSTAR ENERGY LLC, a Delaware limited liability company, Plaintiff, | Case No. 13-cv-00200-PLM<br><br>Chief Judge: Hon. Paul L. Maloney |
| v. | Magistrate: Hon. Joseph G. Scoville |
| ENCANA CORPORATION, a Canadian corporation, and ENCANA OIL & GAS USA INC. a Delaware corporation, and CHESAPEAKE ENERGY CORPORATION, an Oklahoma corporation, and O.I.L. NIAGARAN, LLC, a Michigan limited liability company, Defendants. | **BRIEF IN SUPPORT OF NORTHSTAR ENERGY LLC'S MOTION TO COMPEL DEFENDANTS TO CONFER UNDER RULE 26(f)** |

Brian J. Masternak (P57372)
Charles N. Ash, Jr. (P55941)
Lance R. Zoerhof (P63980)
David R. Whitfield (P73352)
WARNER NORCROSS & JUDD LLP
900 Fifth Third Center
111 Lyon Street NW
Grand Rapids, MI 49503-2487
bmasternak@wnj.com
cash@wnj.com
lzoerhof@wnj.com
dwhitfield@wnj.com
616.752.2000
Attorneys for Plaintiffs

Gregory L. Curtner (P12414)
Jessica Srovtsoff (P70218)
Frederick R. Juckniess (P64032)
Schiff Hardin LLP
350 South Main Street, Ste. 210
Ann Arbor, MI 48104
gcurtner@schiffhardin.com
jsprovtsoff@schiffhardin.com
fjuckniess@schiffhardin.com
734.222.1500
Attorneys for Defendants Encana Corporation and
Encana Oil & Gas USA Inc.

Molly S. Boast
Sanket J. Bulsara
WILMER CUTLER PICKERING
HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
molly.boast@wilmerhale.com
sanket.bulsara@wilmerhale.com
212.230.8800

Dennis G. Cowan (P36184)
Anthony J. Rusciano (P29834)
Michael J. Barton (P34509)
PLUNKETT COONEY, P.C.
38505 Woodward Avenue, Ste. 2000
Bloomfield Hills, MI 48304
arusciano@plunkettcooney.com
mbarton@plunkettcooney.com
248.901.4000
Attorneys for Defendants
Chesapeake Energy Corporation and
O.I.L. Niagaran, LLC

I.     INTRODUCTION

Plaintiff NorthStar brings this motion because of the Defendants' refusal to participate in a Rule 26(f) conference. Despite the Defendants' clear obligation under the Federal Rules to participate in this conference "as soon as practicable," and the fact that this litigation is now almost 6 months old, Defendants have – to date – refused to do so. As Defendant's refusal to promptly confer under Rule 26(f) has effectively resulted in an improper and unjustified stay of discovery, NorthStar had no choice but to file the instant motion to compel the Defendants' participation under Rule 26(f) in order to prevent any further, undue delay to the start of discovery in this case.

II.     FACTS

On February 22, 2013, NorthStar filed its Complaint against the Defendants. In its Complaint, NorthStar alleges that – by at least June of 2010 – Defendants had formed an anticompetitive scheme in violation of Section 1 of the Sherman Act (15 U.S.C. § 1 et seq.) and the Michigan Antitrust Reform Act (MCL § 445.772) with the goal of suppressing prices for mineral rights in northern Michigan. (Dkt. 1, pp. 1-26.) NorthStar's Complaint also sets forth the necessary elements for additional, state common law claims against the Defendants, including claims that Encana and Chesapeake tortiously interfered with NorthStar's sale of its mineral rights to OILN and that all of the Defendants – in carrying out this illicit scheme – were part of a civil conspiracy specifically targeting NorthStar's mineral rights. (Dkt. 1, pp. 26-29). NorthStar was damaged by the Defendants' scheme.

By March 8, 2013, all of the Defendants had been served with NorthStar's Complaint, (Dkt. 3-5); and all Defendants had until April 30, 2013, to file their first responsive pleading (Dkt. 6-9). On this April 30 deadline, each of the Defendants filed a motion to dismiss NorthStar's Complaint under Rule 12(b)(6). (Dkt. 10-15.) Defendants' motions challenge the sufficiency with which NorthStar pled its claims against each Defendant, including the "factual context" required under *Bell Atlantic Corp. v. Twombly*, 550 U.S.

1

544, 549 (2007), to support NorthStar's antitrust claims.  The parties' briefing on these Rule 12(b)(6) motions was complete as of July 1, 2013.

Since the 1st of July, NorthStar has tried to meet and confer with counsel for the Defendants as required by Rule 26(f).  Yet, despite NorthStar's efforts, the Defendants have refused to live up to their obligations to confer under Rule 26(f).  *See* Ex. 1 and Ex. 2.  The reasons given by Encana and Chesapeake for their refusals to confer are respectively set forth below:

*Encana stating*:

As we discussed, I've consulted with our team.  We are confident that Judge Maloney is acting deliberately and has chosen not to set a Rule 16 conference in the NorthStar matter, making any Rule 26(f) conference premature.  As you recall, we previously asked for consolidation of the pending Encana v. Zaremba matter for discovery purposes and NorthStar declined to agree, and the cases were not so consolidated.  It is not clear to us what rationale your proposed motion to start discovery now is based on, particularly where the Rule 12 motions are fully briefed and awaiting decision.  As I understood you, the reason for your request is simply that NorthStar wants to start discovery now.

As Judge Scoville explained in connection with the pending Encana v. Zaremba matter, "the very purpose of a motion under Rule 12(b)(6) 'is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.' Yuhasz v. Brush Wellman, Inc., 341 F.3d 559, 566 (6th Cir. 2003) (quoting Rutman Wine Co. v. E&J Gallo Winery, 829 F.2d 739, 748 (9th Cir. 1987))."  Your proposal would appear to run directly contrary to this settled principle. [Ex. 1, p. 2.]

*Chesapeake stating:*

After due consideration, Chesapeake and OILN have concluded that your request for a Rule 26(f) conference is premature, for the following reasons:

 We do not believe the Court has been afforded sufficient time to address our motions to dismiss.  The motions were not fully briefed until late June, and less than two months (summer months, at that) have ensued since.   In our experience, any expectation that a court would resolve three motions to dismiss an antitrust case within that time frame is aggressive.

 Obviously we think our motions will succeed; we would not have filed them otherwise.  We believe a small further delay would save everyone, Plaintiff included, considerable expense and effort . . . .  Accordingly, we suggest we defer a Rule 26(f) conference and invite you to come back to us after some further time to revisit your request.  (Ex. 2, p. 1.)

Significantly, Encana took a different position in its current litigation before this Court with the Zaremba family, *Encana Oil & Gas (USA) v. Zaremba Family Farms, et al.,* Case No. 1:12-cv-00369-PLM, with its counsel representing several times on the record at a February 11, 2013, hearing that, although he believed "it was probably proper for [Encana] to move to stay discovery (in that case) . . . we did not choose to stay discovery." (Ex. 3, pp. 33-34.) To which, the Honorable Joseph Scoville responded:

> That is the third time you've mentioned that [intentionally not moving to stay discovery], and let me tell you that generally our court does not stay discovery pending a motion to dismiss for 12(b)(6). If it's - - if it's qualified immunity or something like that, an immunity from suit, that is one thing, but generally all that does is [it] delays the case unduly, so this business of staying discovery [has no relevance]. [*Id.*]

As the Defendants refuse to move forward with discovery, executives continue to leave both Encana and Chesapeake. News reports from last week announced the termination of four Chesapeake top executives. (Ex. 4.) Prior to that, Chesapeake's founder, Aubrey McClendon, stepped down as its CEO in or around April of 2013, and Randy Eresman abruptly retired from his position as CEO of Encana on January 11, 2013. (Ex. 4.) As alleged in NorthStar's Complaint, McClendon and Eresman were key figures in their respective companies' joint, collusive scheme to suppress prices for mineral rights in northern Michigan during the relevant time period in 2010, including NorthStar's mineral rights. (Dkt. 1, pp. 11-20.)

It is therefore necessary for NorthStar to file the instant motion to compel a Rule 26(f) conference to ensure that the start of discovery is not further and unduly delayed and to lessen the risk of losing discoverable evidence.

### III. ARGUMENT

#### A. Parties have an obligation to confer under Fed. R. Civ. P. 26(f) "as soon as practicable."

Federal Rule of Civil Procedure 26(f) states:

> Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties **must confer as soon as practicable**[1] – and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b). [Fed. R. Civ. P. 26(f)(1) (emphasis added).]

Under Rule 26(d)(1), a party may not normally seek discovery from any source before the parties to the suit have conferred under this Rule 26(f).  *See* Fed. R. Civ. P. 26(d)(1) ("[A] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when . . . authorized by these rules, by stipulation, or by court order.").  Since a refusal to have a Rule 26(f) conference has the effect of holding up discovery, it is critical that all parties, including the Defendants here, live up to their obligation under Rule 26(f), that all parties ***must*** confer ***as soon as possible***.  Fed. R. Civ. P. 26(f)(1) (emphasis added).

Despite this clear obligation, at a point almost six (6) months into this litigation, the Defendants continue to refuse to confer under 26(f).  And the Defendants do so despite the fact that this obligation under Rule 26(f) is not contingent on this Court either deciding the Defendants' pending Rule 12(b)(6) motions to dismiss (as explained below) or setting of a date for the initial pretrial conference under Rule 16.[2]  Here, prompt cooperation from the Defendants to hold the overdue Rule 26(f) conference is needed to assure that the start of discovery is not further and unduly delayed.  *See* Fed. R. Civ. P. 26(f) advisory committee's notes (stating that "[t]he rule provides that the meeting of the parties take place as soon as practicable" in order "[t]o assure . . . that the commencement of discovery is not unduly delayed").

---

[1] If "practicable" is given its plain, ordinary meaning of "reasonably capable of being accomplished; feasible," Rule 26(f) obligates the parties to meet and confer as soon as they can reasonably accomplish or complete this task.  *See* Black's Law Dictionary 1291 (9th ed. 2009) (defining "practicable" as "reasonably capable of being accomplished; feasible").

[2]  One of the reasons given by Encana for its refusal to meet and confer is that the Court has not yet set a date for the "Rule 16 conference in [this] matter, making any Rule 26(f) conference premature." (Ex. 1, p. 2.)  There is no support for Encana's position under the Federal Rules.  Rule 26(f) provides that the parties confer "as soon as practicable – ***and in any event*** at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)."  *See* Fed. R. Civ. P. 26(f)(1) (emphasis added).  Nothing here makes a Rule 26(f) conference premature because the Court has not scheduled a Rule 16 conference; instead, the obligation is on the parties to confer as soon as possible and, regardless of the circumstances, no later than Rule's deadlines.

**B. The result of Defendants' failure to promptly confer is an improper stay of discovery.**

**1. Defendants unilaterally granted themselves a stay.**

The Defendants – by refusing to confer under Rule 26(f) – have effectively (albeit, improperly) granted themselves a stay of discovery. *See Norm Thompson Outfitters, Inc. v. Starcrest Products of California, Inc.*, 2004 WL 957774, *4 (D. Or. 2004) (Ex. 6)[3] (stating that, by refusing to participate in discovery, defendant essentially "granted itself a stay of discovery without plaintiff's consent or the court's approval, dating back to the filing of the Motion to Dismiss"); *see also Neuberger Berman Real Estate Income Fund, Inc. v. Lola Brown Trust No. 1B*, 230 F.R.D. 398, 404 n. 9 (D. Md. 2005) ("There is no basis . . . for what plaintiff correctly characterizes as defendants 'self-imposed stay of discovery'" where the defendants "refused to produce any documents based on their pending motion to dismiss."). By simply refusing to confer, the Defendants are able to stay discovery without having to make the "good cause" showing necessary for this Court to grant such a stay. *See* Fed. R. Civ. P. 26(c)(1)(A) ("[T]he court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . including forbidding discovery."); *Hayes v. Liberty Mutual Group, Inc.*, 2012 WL 1564697, *6-7 (E.D. Mich. 2012) (A party seeking stay must show "good cause" by articulating specific facts showing "clearly defined and serious injury" that will result from the discovery sought.).

**2. Defendants' motions to dismiss do not constitute good cause.**

The Defendants' pending Rule 12(b)(6) motions do not change each one's obligation to promptly participate in a Rule 26(f) conference. Fed. R. Civ. P. 26(f) advisory committee's note (emphasis added) ("[T]he obligation to participate in the [Rule 26(f)] planning process is imposed on all parties that have appeared in the case, ***including defendants who [have filed] . . . a pending Rule 12 motion***."). With very few exceptions, a pending Rule 12(b)(6) motion will not – on its own – satisfy the "good cause" showing necessary for the Defendants to obtain an order to stay discovery. *Hayes*, 2012 WL 1564697, at

---

[3] All unpublished cases cited in this brief are attached as Exhibit 6.

5

\*6-7 ("[T]he mere filing of a dispositive motion, however, does not warrant the issuance of a stay"); *Hoxie v. Livingston Cnty.*, 2010 WL 822401, \*1-2 (E.D. Mich. 2010) ("[T]he wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions."); *Flagg v. City of Detroit*, 2008 WL 787039, \*2-3 (E.D. Mich. 2008) ("[I]t is this Court's usual practice to instruct the parties to proceed with discovery despite a pending motion to dismiss – at least so long as the motion does not raise issues of qualified immunity."); *City of Lancaster v. Flagstar Bank, FSB*, 2011 WL 1326280, at \*3-4 (S.D. Ohio 2011) ("[T]he fact that a party has filed a case-dispositive [12(b)(6) motion] is usually deemed insufficient to support a stay of discovery.").

The Defendants' Rule 12(b)(6) motions are not the type that fall into one of the limited exceptions to this general rule. Courts typically only stay discovery when the subject motion to dismiss seeks dismissal on the basis of immunity or some other legal determination, the outcome of which "could not potentially be altered by engaging in any discovery." *City of Lancaster*, 2011 WL 1326280 at \*3-4; *Flagg v. City of Detroit*, 2008 WL 787039, at \*2-3; *Bradley v. Hallworth*, 2010 WL 2231820, \*1-2 (W.D. Mich. 2010). Here, Defendants have all pled garden-variety Rule 12(b)(6) motions challenging the factual sufficiency with which NorthStar has alleged its claims. Such garden-variety Rule 12(b)(6) motions do not justify an automatic stay, including in the antitrust context.

There is good reason for this. The Federal Rules, in fact, do not provide for such an automatic stay of discovery upon the filing of such a Rule 12(b)(6) motion.[4] *See City of Lancaster*, 2011 WL 1326280 at

---

[4] This is also consistent with federal legislation requiring an automatic stay in certain cases – but not the antitrust context. The federal legislature enacted the Private Securities Litigation Reform Act, 15 USC §§ 78u - 4(b)(2) ("PSLRA"), which provides for an automatic stay during the pendency of a Rule 12 motion to dismiss in federal securities cases. *In re Credit Acceptance Corp. Sec. Litig.,* 50 F. Supp. 2d 662, 670 (E.D. Mich. 1999) (noting that, in an effort to "curtail the filing of frivolous lawsuits," Congress enacted the PSLRA, which "contains a section requiring an automatic stay of discovery during . . . a motion to dismiss"). Had the legislature contemplated that an automatic stay would apply in a particular context, such as the antitrust context, the legislature – as it did with federal securities cases – would have enacted legislation that provided for such a stay. *See Solidfx, LLC v. Jeppsen Sanderson, Inc.*, 2011 WL 4018207, \*1-3 (D. Colo. 2011) ("[The Federal Rules] presume that discovery may proceed despite the filing of a motion to dismiss, absent special provisions such as those provided in the [PSLRA] or in connection with a motion seeking dismissal based on qualified immunity."). However, the legislature has chosen not to do so.

\*3-4 ("Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect . . . [and], in fact, such a notion is at odds with the need for expeditious resolution of litigation . . . . [and due to the frequency of such motions in] federal practice, this provision only makes sense if discovery is not to be stayed pending resolution of such motions").

In addition, the Supreme Court's decision in *Twombly* has not changed how this general rule is applied to antitrust cases. *See Solidfx*, 2011 WL 4018207, at \*1-3 (no automatic stay under *Twombly* for antitrust complaints while a Rule 12(b)(6) motion is decided; instead, party asking for the stay must make the required good cause showing); *In re Flash Memory Antitrust Litig.*, 2008-1 Trade Cases P 76,053, \*1-3 (N.D. Cal. 2008) ("[*Twombly*] did not hold, implicitly or otherwise, that discovery in antitrust actions is stayed or abated until after a complaint survives a Rule 12(b)(6) challenge . . . [and] such a reading of that opinion is overbroad and unpersuasive."); *Nabi Biopharmaceuticals v. Roxanne Laboratories, Inc.*, 2006 WL 3007430, \*1-3 (S.D. Ohio 2006).

Despite Encana's assertion to the contrary,[5] the Defendants' pending garden-variety Rule 12(b)(6) motions alone do not justify a stay of discovery. Except with a particularized showing of extraordinary circumstances, NorthStar's right to proceed with discovery should not be denied when faced with a typical Rule 12(b)(6) motion. *Hoxie v. Livingston Cnty.*, 2010 WL 822401, at \*1-2; *see also Solidfx*, 2011 WL 4018207, at \*1-3 ("[A] party moving for [stay] must make a particular and specific demonstration of fact [that it will be unduly burdened] . . . [but clearly] the right to proceed in court should not be denied except under the most extreme circumstances.").

---

[5] Encana relies on *Yuhasz v. Brush Wellma*n, *Inc.*, 341 F.3d 559 (6th Cir. 2003), for the blanket proposition that "the very purpose of a motion under Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." This is an overly broad application of *Yuhasz*, particularly in light of the overwhelming federal case law holding that, absent extraordinary circumstances, a Rule 12(b)(6) does not result in an automatic stay of discovery. Also, the plaintiff in *Yuhaz*, unlikely NorthStar here, sought discovery in order to plead "facially sufficient" claims to survive a Rule 12(b)(6) motion. NorthStar's claims are more than adequately supported and seeks discovery to avoid the expense and prejudice of the Defendants' unwarranted delay.

7

### 3.  NorthStar, not the Defendants, will be the party prejudiced by any stay in discovery.

Defendants have not made (and cannot make) the particularized showing that the burden of going forward with discovery outweighs the normally overriding benefits of not delaying the litigation.  *Bradley v. Hallworth*, 2010 WL 2231820, at *1; *see also Solidfx*, 2011 WL 4018207, at *1-3; *City of Lancaster*, 2011 WL 1326280 at *5 (stating that the burden must be "different than [the burden on] any other party that files a [Rule 12(b)(6)] case-dispositive [motion]").

For NorthStar, the risk of prejudice is high.  That includes, for example, executives at both Encana and Chesapeake, including the CEOs at both companies directly involved in communications regarding the Defendants' illicit scheme, continuing to leave and take positions with other companies.  Certainly these individuals – by their departures – have removed themselves and their consciousness from the events, acts, and communications from the spring, summer, and fall of 2010 giving rise to NorthStar's claims.  Not only is there a risk of unavailable witnesses and lost, destroyed, or compromised evidence, but there is an added layer of complexity and cost in trying to keep track of, preserve, and ultimately secure such evidence once such witnesses have left.  As all the Defendants continue to make personnel and other internal changes, the risk of losing such witnesses and evidence increases each day discovery is delayed.

Third party evidence that NorthStar will subpoena or otherwise seek, including from landmen, laborers, and other mineral rights owners in northern Michigan that dealt with the Defendants during the relevant time period, will also be jeopardized by a stay.  Because third parties are not subject to a litigation hold, the risk of losing such evidence is particularly high.  And, as with evidence at the Defendants, the longer this case is delayed, the greater the likelihood that such evidence will be destroyed, lost, or compromised and that witnesses' memories will have faded.

Conversely, the burden, if any, on the Defendants to engage in discovery is minimal in comparison.  Any argument by Encana, in particular, of discovery being too burdensome would be disingenuous – as Encana recently served NorthStar with a subpoena for records pertinent to its litigation with the Zarembas.

8

(Ex. 5). This litigation is already 6 months old and, if stayed, will likely be postponed for a substantial, additional period of time. Considering the merit of NorthStar's claims, such a delay is clearly unwarranted here. *See City of Lancaster v. Flagstar Bank*, 2011 WL 1326280 at *4-5 (suggesting that a motion to stay might be appropriate where claims lack merit).

In addition, both Encana and Chesapeake have already produced documents in response to investigations into their joint dealings conducted by the United States Department of Justice and State of Michigan. Encana has produced more than 100,000 documents related to the Defendants' dealings in its litigation with the Zarembas, also before this Court. *See Encana v. Zaremba Family Farm et al.*, Case No. 1:12-cv-00369-PLM, Dkt. 98, p. 10. Most of the documents that Encana and Chesapeake have already produced to the U.S. DOJ, the State of Michigan, and the Zarembas are discoverable in this litigation and, significantly, they were produced at a time when Encana and Chesapeake knew of and anticipated litigation over NorthStar's claims. Any burden on Encana and Chesapeake to now re-produce such documents to NorthStar here – at least as a starting point for the parties' discovery – should be minimal.

For all the reasons set forth above, NorthStar respectfully requests that this Court grant its instant motion and compel Defendants to promptly participate in a Rule 26(f) conference with NorthStar no later than seven (7) days from the entry of this Court's Order, and further award NorthStar its reasonable costs and fees incurred in having to bring this motion.

Dated: August 21, 2013 By: /s/ Lance R. Zoerhof
Brian J. Masternak (P57372)
Charles N. Ash, Jr. (P55941)
Lance R. Zoerhof (P63980)
David R. Whitfield (P73352)
bmasternak@wnj.com
cash@wnj.com
lzoerhof@wnj.com
dwhitfield@wnj.com
616.752.2000
Attorneys for Plaintiff

9