**EXHIBIT 5**



**SCHIFFHARDIN**LLP

Frederick R. Juckniess
734-222-1504
rjuckniess@schiffhardin.com

350 SOUTH MAIN STREET
SUITE 210
ANN ARBOR, MICHIGAN 48104

*t* 734.222.1500
*f* 734.222.1501

www.schiffhardin.com

August 2, 2013

Northstar Energy, LLC
12935 S. West Bay Shore Dr. #335
Traverse City, MI 49684

Re: Encana v Zaremba
Case No. 12-cv-369

Dear Sir/Madam:

Please find enclosed and served upon you a third-party subpoena seeking documents in connection with pending litigation between Encana and Zaremba Group, Zaremba Family Farms and Walter Zaremba.

We have also enclosed a copy of the Amended Counterclaim which details the scope of some of the claims being asserted in the case, including antitrust claims.

Lastly, we have also enclosed a copy of the protective order issued in the case, which has two tiers of protection including for "attorneys eyes only" for competitively sensitive information. We would be happy to discuss the subpoena scope, as well as assist in arranging for production of the information requested. Thank you.

Sincerely,

Frederick R. Juckniess

FRJ:mos
Enclosures

cc: Michael Wais, Esq.
Michelle Wezner, Esq.
Andrew McGuinness, Esq.

41983-0001
AA\200074844.1\08.02.13 03:38

CHICAGO | WASHINGTON | NEW YORK | LAKE FOREST | ATLANTA | SAN FRANCISCO | ANN ARBOR

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | | |
|---|---|---|
| Encana Oil & Gas (USA) Inc. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:12-cv-00369-PLM |
| Zaremba Family Farms, Inc., et al | ) | |
| | ) | (If the action is pending in another district, state where: ) |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Northstar Energy, LLC, 12935 S. West Bay Shore Dr. #335, Traverse City, MI 49684 (231-941-0073)

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See Exhibit A

| Place: J. Hardy Investigative Services<br>102 Fairlane Drive<br>Traverse City, MI 49684 | Date and Time:<br>August 19, 2013 |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 08/02/2013

*Tracey Cordes, CLERK OF COURT*

OR _____

*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* Encana Oil & Gas (USA) Inc. , who issues or requests this subpoena, are:

Frederick R. Juckniess, Schiff Hardin LLP, 350 S. Main Street, Suite 210, Ann Arbor, MI 48104
rjuckniess@schiffhardin.com, 734-222-1504

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 1:12-cv-00369-PLM

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* Custodian of Records, Northstar Energy LLC
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

### Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

A. "The Litigation" refers to Encana Oil & Gas (USA) Inc. v. Zaremba Family Farms, Inc., Zaremba Group, LLC, and Walter Zaremba, Case No. 1:12-cv-00369-PLM, currently pending in the United States District Court for the Western District of Michigan.

B. "Northstar" refers to Northstar Energy LLC, a Michigan company located at 12935 S. West Bay Shore Dr. #335, Traverse City, MI 49684, and its agents, employees and affiliates.

C. "Defendants," "Defendants/Counter-Plaintiffs" or "the Zarembas" refers to Zaremba Family Farms, Inc., a Michigan Corporation, Zaremba Group, L.L.C., a Michigan Limited Liability Company, and Walter Zaremba, an individual, Defendants/Counter-Plaintiffs in the Litigation, as well as to any of their employees, agents, counsel, associates, accountants, servants, assignees, heirs, personal representatives, and all other persons or entities acting or purporting to act on behalf of Defendants/Counter-Plaintiffs in this action, including but not limited to agent Steve Dzierwa.

D. "Plaintiff," "Plaintiff/Counter-Defendant" or "Encana" refers to Encana Oil & Gas (USA) Inc. ("Encana"), Plaintiff/Counter-Defendant in the Litigation, as well as to any of its affiliates, subsidiaries, agents, or representatives.

E. "Chesapeake Energy Corporation" or "Chesapeake" refers to Chesapeake Energy Corporation ("Chesapeake"), as well as to any of its affiliates, subsidiaries, agents, or representatives including brokers operating on its behalf, including but not limited to O.I.L. Niagaran, LLC.

F. "Document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Fed. R. Civ. P. 34(a), including, without limitation, electronic or

computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

G. "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

## INSTRUCTIONS

1. These document requests ("Requests") are made pursuant to Fed. R. Civ. P. 45. You are required to provide the documents within 14 days of service.

2. Responsive Documents should be produced in the manner in which they were kept in the ordinary course of business, and shall not be shuffled or otherwise rearranged. Documents that, in their original condition, were stapled, clipped or otherwise fastened together shall be produced in that form. If a Document or group of Documents is taken from a file folder, drawer, box or notebook, please include a copy of the label or cover. Documents should be labeled to identify the particular Requests to which they are responsive.

3. "Documents" includes electronically stored information ("ESI), such as emails or electronic files stored in disks, thumb drives, portable hard drives or on a computer. Pursuant to Fed. R. Civ. P. 45(d)(1)(B), we specify the following formats for ESI production: Please produce ESI documents as single page, 300 DPI, Group IV TIFF format. Each TIFF file shall be accompanied by its corresponding .txt file and will have corresponding extracted or OCR text. Please also provide for the ESI production a production of the documents formatted as a Summation load file (.dii). When applicable, parent emails and any of their attachments should be produced as separate, contiguous documents. Certain dynamic files (i.e., Excel spreadsheets

2

and Powerpoint presentations) will be produced in their native form. Where TIFF images of certain documents are not readable for whatever reason due to processing constraints, or where conversion to a static image form may be overly burdensome, please produce such ESI in native format. Please also produce the following meta-data categories for ESI documents: beginning bates number, end bates number, beginning attachment bates number, ending attachment bates number, page count, custodian, from, to, cc, bcc, date sent, date received, author, date created, date modified, subject, and document title.

4. If you have questions regarding ESI production formats, or would like to produce the ESI documents in your possession in a different format, please contact: Kimberly K. Kefalas, Schiff Hardin, 350 S. Main St., Suite 210, Ann Arbor MI, 48104 (734) 222-1505.

5. In responding to the Requests, please produce all Documents available to you or in your possession, custody, or control, wherever located, including any and all Documents you have the power to obtain, and including those in the possession of your employees, accountants, agents, attorneys, family members or contractors.

6. Unless otherwise specified, the Documents requested are those that were prepared, written, sent, dated, received, applicable or in effect at any time between July 1, 2009 and June 30, 2011.

7. All Documents that are responsive, in whole or in part, to any portion of the Request shall be produced in their entirety, including all attachments and enclosures. If any responsive document contains both privileged and non-privileged information or material, please produce the entire document with the privileged material redacted and the fact of the redaction clearly indicated.

8. If any Document or portion of a Document is withheld or redacted on the basis of any asserted privilege or immunity from discovery, please provide in lieu of the withheld information a written statement or schedule indicating (1) the type of Document, i.e., letter or memorandum, (2) the general subject matter of the Document; (3) the date of the Document; (4) the author, addressees, and all recipients of the Document, including, where not otherwise apparent, the relationships of all authors, addressees, and recipients to each other, along with their titles and affiliations; and (5) a description of the claimed basis for the asserted immunity.

9. If there are no Documents or things responsive to a particular Request, please state so in writing. If you are aware of any responsive Document or thing that has been removed from the relevant files and is no longer in you r possession, custody or control, please furnish a list identifying such Documents that includes the name and address of any person who has seen the Documents and, if known, the present location of the Documents.

10. If you are aware of any responsive Document that has been lost, discarded or destroyed, please furnish a list identifying such Documents and stating the circumstances of their loss or destruction.

11. A protective order was entered in this case on December 20, 2012. You may produce documents responsive to this subpoena pursuant to that order by designating your documents accordingly. If you have questions or concerns about the confidential nature of the requests, please contact Rick Juckniess at (734) 222-1504 to discuss your options.

## REQUESTED DOCUMENTS

1. Any and all documents regarding or relating to the evaluation, valuation, marketing, research or potential of oil and gas interests in Northern Michigan including in the Utica/Collingwood formation.

2. Any and all documents regarding or relating to the purchase, potential purchase or lease of oil and gas interests in Northern Michigan including in the "Utica/Collingwood" formation. This request encompasses, without limitation, communications, offers, letters of intent, agreements, and draft agreements.

3. Any and all documents regarding or relating to the sale or potential sale or lease of any oil and gas interests in Northern Michigan including in the "Utica/Collingwood" formation. This request encompasses, without limitation. communications, offers, letters of intent, agreements, and draft agreements.

4. Any and all documents regarding or relating to the Zarembas. This request encompasses, without limitation, any communications regarding or relating to the Zarembas or their claims asserted in the above-captioned litigation.

SCHIFF HARDIN LLP
Attorneys for Plaintiff/Counter-Defendant

By: _____
Frederick R. Juckniess (P64032)
350 S. Main Street, Suite 210
Ann Arbor, MI 48104
Telephone: (734) 222-1504
RJuckniess@schiffhardin.com

Dated: August 2, 2013

41983-0001
AA\200070398.1